## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| BT WEARABLES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FOSSIL GROUP, INC.,<br><br>Defendant. | Civil Action No. 2:25-cv-00381<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BT Wearables LLC ("BT Wearables" or "Plaintiff") files this Complaint against Defendant Fossil Group, Inc. ("Fossil" or "Defendant") alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action against Defendant for infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are available as provided below.

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| 1 | 9,204,796 | Personal Emergency Response (PER) System | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9204796. |
| 2 | 9,775,520 | Wearable Personal Monitoring System | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9775520. |
| 3 | 10,362,940 | Personal Emergency Response (PER) System | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10610111 |
| 4 | 10,729,336 | Smart Watch | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10729336. |

|   | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| 5 | 11,051,704 | Smart Watch | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/11051704 |

2.    Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

3.    Plaintiff BT Wearables LLC is a limited liability company organized under the laws of the State of Texas, with a registered office located in Austin, Texas (Travis County).

4.    BT Wearables is the owner of the Asserted Patents with all rights to recover for all past, present, and future infringement, including past damages.

5.    On information and belief, Defendant is a corporation organized under the laws of Delaware, with its principal place of business at 901 Central Expy, Richardson, TX 75080.

6.    On information and belief, Defendant may be served through its registered agent for service, C T Corporation System, located at 1999 Bryan St., STE. 900 Dallas, Tx 75201.

## JURISDICTION AND VENUE

7.    BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

8.    This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

9.    Defendant is subject to this Court's personal jurisdiction consistent with the principles of due process and the Texas Long Arm Statute.

10.    Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) and 1391(c) because it has maintained established and regular places of business in this District and

has committed acts of patent infringement in the District. *See In re: Cray Inc.,* 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

11.    Defendant is subject to this Court's specific and general personal jurisdiction due at least to Defendant's substantial business in this forum, including (i) at least a portion of the infringements alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

12.    For example, Defendant operates multiple retail locations in this District, at locations including, but not limited to: 820 W Stacy Rd, Allen, TX 75013.

13.    Specifically, Defendant intends to do and do business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through inducement of third parties, and offer their products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

14.    Defendant, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe one or more claims of the Asserted Patents in this District.

15.    Defendant purposefully availed itself of the benefits of doing business in the State of Texas and the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.

**THE ACCUSED PRODUCTS**

16.    BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

17.    Based upon public information, Defendant owns, operates, advertises, uses, controls, sells, imports, and/or offers for sale, and instructs its subsidiaries, affiliates, and end users to use, the Fossil smartwatches including, but not limited to, Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc., and associated apps (e.g., Fossil Smartwatches App, etc.) and related hardware, software, and functionality that among other features calculates the calories burned by the user and transmits this data to a remote device; includes a user input device for selecting an exercise; includes an accelerometer and heart rate sensor; executes speech commands from the user; couples to a mobile telephone; and identifies the activity of the user ("Accused Products").



Source: https://www.amazon.com/Fossil-Stainless-Steel-Silicone-Touchscreen/dp/B09B2YNGSN?ref_=ast_sto_dp&th=1



Source: FOSSIL.COM, https://www.fossil.com/en-us/products/gen-6-wellness-edition-smartwatch-black-silicone/FTW4069V.html



Source: FOSSIL.COM, https://www.fossil.com/en-us/products/gen-5-lte-smartwatch-black-silicone/FTW40531.html

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,204,796**

18.    BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

19.    The USPTO issued U.S. Patent No. 9,204,796 ("the '796 patent") on December 18, 2015, after full and fair examination of Application No. 13/952,607 which was filed on July 27, 2013. *See* '796 patent at 1.

20.    BT Wearables owns all rights, interest, and title in and to the '796 patent, including the sole and exclusive right to prosecute this action and enforce the '796 patent against infringers, and to collect damages for all relevant times.

21.    The claims of the '796 patent are not directed to an abstract idea. For example, claim 1 of the '796 patent recites a system that uses one or more sensors to detect the motion of a mobile object, coupled with a processor and a wireless transceiver that classify sequences of movements by the mobile object into groups of similar postures based on a model and then uses the model to identify the activity of the mobile object. The claimed inventions of the '796 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that provide an improved system for tracking a user's physical activity and identifying the type of activity using modeling.

22.    The written description of the '796 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23.    Defendant has directly infringed the '796 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

24.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '796 patent, as detailed in **Exhibit A** (Evidence of Use of Infringement Regarding U.S. Patent No. 9,204,796).

25.    For instance, as detailed in <u>Exhibit A</u>, the Accused Products include one or more sensors to detect movement of a mobile object, a processor and a wireless transceiver to classify sequences of movements of the mobile object into groups of similar postures represented by a model and to apply the model to identify an activity of the mobile object, and the processor furthermore identifies each elemental motion of a sequence of elemental motions of the mobile object, and identifies the activity of the mobile object by matching the sequence of identified elemental motions with one or more stored sequences of elemental motions, wherein each stored sequence of elemental motions corresponds with an activity. More specifically, and as just one example of infringement, Defendant makes, has made, uses, provides, supplies, distributes, sells, markets, or offers the Accused Products, which have a system compromising sensors, a processor, and a wireless transceiver. This allows the device to identify various activities conducted by the user (*e.g.,* running, walking, biking, and rowing) based on the movements of the Accused Product.

26.    Since at least the time of receiving the relevant original complaint(s) in this action, Defendant has also indirectly infringed one or more claims of the '796 patent by inducing others to directly infringe said claims. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '796 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '796 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in

an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '796 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '796 patent. Defendant's inducement is ongoing.

27.     Defendant has also indirectly infringed by contributing to the infringement of the '796 patent. Defendant has contributed to the direct infringement of the '796 patent by its personnel, contractors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '796 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '796 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

28.     BT Wearables or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '796 patent.

29.     Defendant has had knowledge of the '796 patent at least as of the date when it was notified of the filing of this action.

30.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of BT Wearables patent rights.

31.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

32.    Defendant's direct and indirect infringement of the '796 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

33.    BT Wearables has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to BT Wearables in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34.    BT Wearables has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. BT Wearables has and will continue to suffer this harm by virtue of Defendant's infringement of the '796 patent. Defendant's actions have interfered with and will interfere with BT Wearables' ability to license technology. The balance of hardships favors BT Wearables' ability to commercialize its own ideas and technology. The public interest in allowing BT Wearables to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,775,520

35.    BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

36.    The USPTO issued U.S. Patent No. 9,775,520 ("the '520 patent") on October 3, 2017, after full and fair examination of Application No. 14/931,002, filed on November 3, 2015. *See* '520 patent at 1.

37.    BT Wearables owns all rights, interest, and title in and to the '520 patent, including the sole and exclusive right to prosecute this action and enforce the '520 patent against infringers, and to collect damages for all relevant times.

38.     The claims of the '520 patent are not directed to an abstract idea. For example, claim 1 of the '520 patent recites a monitoring apparatus comprising a housing worn on the wrist with an accelerometer, processor, and wireless transceiver, and using signals from the accelerometer, uses the processor to analyze whether those signals indicate a pre-determined exercise and calculates the calories burned by the user and transmits this data to a remote device. The claimed inventions of the '520 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that provide improved tracking of a user's physical activity and the type of exercise of the user to calculate calories burned by the user using a monitoring device.

39.     The written description of the '520 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

40.     Defendant has directly infringed the '520 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

41.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '520 patent, as detailed in **Exhibit B** (Evidence of Use of Infringement Regarding U.S. Patent No. 9,775,520).

42.     For instance, as detailed in Exhibit B, the Accused Products comprise a housing adapted to be worn on a wrist, including an accelerometer, a transceiver and a processor that analyzes signals from the accelerometer to determine whether the signals are indicative of

predefined exercise and computes calories burned by the person based on the signals from the accelerometer and the predefined exercise and transmits the calories burned to a remote device via the transceiver. More specifically, and as just one example of infringement, Defendant makes, has made, uses, provides, supplies, distributes, sells, markets, or offers the Accused Products, which utilizes a processor in conjunction with an accelerometer to identify a predefined exercise conducted by the user and then use this data along with subsequent signals from the accelerometer to calculate the calories burned by the user.

43.    Since at least the time of receiving the relevant original complaint(s) in this action, Defendant has also indirectly infringed one or more claims of the '520 patent by inducing others to directly infringe said claims. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '520 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '520 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '520 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '520 patent. Defendant's inducement is ongoing.

44.    Defendant has also indirectly infringed by contributing to the infringement of the '520 patent. Defendant has contributed to the direct infringement of the '520 patent by its personnel, contractors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '520 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '520 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

45.    BT Wearables or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '520 patent.

46.    Defendant has had knowledge of the '520 patent at least as of the date when they were notified of the filing of this action.

47.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus have been willfully blind of BT Wearables' patent rights.

48.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

49.    Defendant's direct and indirect infringement of the '520 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

50.    BT Wearables has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to BT Wearables in an amount that compensates it for

such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

51.    BT Wearables has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. BT Wearables has and will continue to suffer this harm by virtue of Defendant's infringement of the '520 patent. Defendant's actions have interfered with and will interfere with BT Wearables' ability to license technology. The balance of hardships favors BT Wearables' ability to commercialize its own ideas and technology. The public interest in allowing BT Wearables to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,362,940

52.    BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

53.    The USPTO issued U.S. Patent No. 10,362,940 ("the '940 patent") on July 30, 2019, after full and fair examination of Application No. 15/684,670, filed on August 23, 2017. *See* '940 patent at 1.

54.    BT Wearables owns all rights, interest, and title in and to the '940 patent, including the sole and exclusive right to prosecute this action and enforce the '940 patent against infringers, and to collect damages for all relevant times.

55.    The claims of the '940 patent are not directed to an abstract idea. For example, claim 1 of the '940 patent recites a monitoring apparatus worn on a wrist comprising a housing and including a processor, accelerometer, and user input device, where the user input device is adapted to select a predefined exercise and the processor computes activity data based on signals from the accelerometer. The claimed inventions of the '940 patent are not limited to well-understood,

routine, or conventional activity. Rather, the claimed inventions include inventive components that provide an improved wrist device for tracking a user's physical activity and identifying activity data related to a specific type of exercise.

56.    The written description of the '940 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

57.    Defendant has directly infringed the '940 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

58.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '940 patent, as detailed in **Exhibit C** (Evidence of Use of Infringement Regarding U.S. Patent No. 10,362,940).

59.    For instance, as detailed in Exhibit C, the Accused Products comprise a housing adapted to be worn on a wrist with an accelerometer, a processor, and a user input device where the user input device can select a predefined exercise and the processor computes activity data for the exercise based on signals from the accelerometer. More specifically, and as just one example of infringement, Defendant makes, has made, uses, provides, supplies, distributes, sells, markets, or offers the Accused Products. This wearable monitoring device is specifically designed to be worn on the user's wrist and includes a wristwatch housing, accelerometer, processor, and a user input device in the form of a touchscreen and/or one or more buttons. Additionally, the Accused Products include an accelerometer, processor, and enables the user to choose a pre-defined exercise

and subsequently gathers data regarding the user's activity based on the selected predefined exercise.

60.    Since at least the time of receiving the relevant original complaint(s) in this action, Defendant has also indirectly infringed one or more claims of the '940 patent by inducing others to directly infringe said claims. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '940 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '940 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '940 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '940 patent. Defendant's inducement is ongoing.

61.    Defendant has also indirectly infringed by contributing to the infringement of the '940 patent. Defendant has contributed to the direct infringement of the '940 patent by its personnel, contractors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '940 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '940 patent and are not staple

articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

62.    BT Wearables or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '940 patent.

63.    Defendant has had knowledge of the '940 patent at least as of the date when it was notified of the filing of this action.

64.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of BT Wearables' patent rights.

65.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

66.    Defendant's direct and indirect infringement of the '940 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

67.    BT Wearables has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to BT Wearables in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

68.    BT Wearables has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. BT Wearables has and will continue to suffer this harm by virtue of Defendant's infringement of the '940 patent. Defendant's actions have interfered with and will interfere with BT Wearables' ability to license technology. The balance

of hardships favors BT Wearables' ability to commercialize its own ideas and technology. The public interest in allowing BT Wearables to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,729,336

69.    BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

70.    The USPTO issued U.S. Patent No. 10,729,336 ("the '336 patent") on August 4, 2020, after full and fair examination of Application No. 15/626,022, filed on June 16, 2017. *See* '336 patent at 1.

71.    BT Wearables owns all rights, interest, and title in and to the '336 patent, including the sole and exclusive right to prosecute this action and enforce the '336 patent against infringers, and to collect damages for all relevant times.

72.    The claims of the '336 patent are not directed to an abstract idea. For example, claim 1 of the '336 patent recites a wrist-watch that tracks at least one body parameter and includes a processor, a transceiver, an accelerometer, at least one heart monitoring sensors for detecting a vital sign and a telephone with a positioning system wirelessly coupled to the wearable appliance and is capable of off-loading at least a portion of the speech-processing from the wearable appliance and a remote server wirelessly coupled to the wearable appliance through the transceiver or telephone. The claimed inventions of the '336 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that provide an improved system for tracking a user's vital signs, movements, and activity using a wrist-watch that has speech processing capabilities.

73.    The written description of the '336 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

74.    Defendant has directly infringed the '336 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

75.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '336 patent, as detailed in **Exhibit D** (Evidence of Use of Infringement Regarding U.S. Patent No. 10,729,336).

76.    For instance, as detailed in Exhibit D, those Accused Products that are sold under the name Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc., are an appliance that monitors one or more body parameters, the appliance including a wrist-watch housing, a processor, a transceiver, an accelerometer and one or more heart monitoring sensors coupled to a back of the wrist-watch housing configured to be coupled to a wrist to detect a vital sign, where the accelerometer detects user movement, and one or more additional sensors that detect body activity, and which further include a telephone with a positioning system wirelessly coupled to the wearable appliance where the telephone offloads at least a portion of speech processing from the processor of the wearable appliance and a remote-server wirelessly coupled through the transceiver or the telephone. More specifically, and as just one example of infringement, Defendant makes, has made, uses, provides, supplies, distributes, sells, markets, or offers those Accused Products that are sold under the names Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc. ("Fossil Smartwatches"). *See* Ex. D. These

devices integrate a sophisticated system capable of measuring various body parameters such as physical activity, sleep patterns, heart rate, and calorie expenditure. Moreover, the devices are equipped with WiFi and Bluetooth transceivers that can be activated or deactivated by the user using the digital touch screen interface. Additionally, the devices incorporates an accelerometer and sensor located on the rear of the casing, which can detect vital signs. Furthermore, the devices include supplementary sensors like a gyroscope, altimeter, barometer, and SP02 monitor. The devices also allow wireless pairing with any smartphone that supports GPS positioning.

77.     Since at least the time of receiving the relevant original complaint(s) in this action, Defendant has also indirectly infringed one or more claims of the '336 patent by inducing others to directly infringe said claims. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '336 patent by providing or requiring use of those Accused Products that are sold under the names Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc. ("Fossil Smartwatches"). *See* Ex. D. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the devices in a manner that infringes one or more claims of the '336 patent, including, for example, claims 1. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the devices in an infringing manner; advertising and promoting the use of the devices in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '336 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the devices by others would infringe the '336 patent. Defendant's inducement is ongoing.

78.     Defendant has also indirectly infringed by contributing to the infringement of the '336 patent. Defendant has contributed to the direct infringement of the '336 patent by its personnel, contractors, and customers. Those Accused Products that are sold under the name Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc., have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '336 patent, including, for example, claims 1. The special features constitute a material part of the invention of one or more of the claims of the '336 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

79.     BT Wearables or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '336 patent.

80.     Defendant has had knowledge of the '336 patent at least as of the date when it was notified of the filing of this action.

81.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of BT Wearables' patent rights.

82.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

83.     Defendant's direct and indirect infringement of the '336 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

84.    BT Wearables has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to BT Wearables in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

85.    BT Wearables has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. BT Wearables has and will continue to suffer this harm by virtue of Defendant's infringement of the '336 patent. Defendant's actions have interfered with and will interfere with BT Wearables' ability to license technology. The balance of hardships favors BT Wearables' ability to commercialize its own ideas and technology. The public interest in allowing BT Wearables to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,051,704

86.    BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

87.    The USPTO issued U.S. Patent No. 11,051,704 ("the '704 patent") on July 6, 2021, after full and fair examination of Application No. 15/625,483, filed on June 16, 2017. *See* '704 patent at 1.

88.    BT Wearables owns all rights, interest, and title in and to the '704 patent, including the sole and exclusive right to prosecute this action and enforce the '704 patent against infringers, and to collect damages for all relevant times.

89.    The claims of the '704 patent are not directed to an abstract idea. For example, claim 1 of the '704 patent recites wrist-watch that tracks at least one body parameter and includes a processor, a transceiver, an accelerometer, at least one heart monitoring sensor to detect a vital

sign, and a processor capable of detecting a heart problem, further comprising a telephone with a positioning system and that is capable of performing speech processing on speech captured by the wrist-watch and further coupled to a remote server through the transceiver or telephone. The claimed inventions of the '704 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that provide an improved system for tracking a user's vital signs and detecting a heart problem using a wrist-watch that has speech processing capabilities.

90.    The written description of the '704 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

91.    Defendant has directly infringed the '704 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

92.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '704 patent, as detailed in **Exhibit E** (Evidence of Use of Infringement Regarding U.S. Patent No. 11,051,704).

93.    For instance, as detailed in Exhibit E, those Accused Products that are sold under the name Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc., are a wearable appliance, the appliance including a wrist-watch housing, a processor, a transceiver, an accelerometer and one or more heart monitoring sensors configured for vital sign detection, where the processor is capable of detecting a heart problem, and further including a telephone that has a positioning system

wirelessly coupled to the wearable appliance, the telephone performing speech processing and the processor of the wearable appliance capturing speech, and a remote-server wirelessly coupled to the wearable appliance through the transceiver or the telephone. More specifically, and as just one example of infringement, Defendant makes, has made, uses, provides, supplies, distributes, sells, markets, or offers those Accused Products that are sold under the name Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc. ("Fossil Smartwatches"). *See* <u>Ex. E</u>. These devices integrates a sophisticated system capable of measuring various body parameters such as physical activity, sleep patterns, heart rate, and calorie expenditure. Moreover, the devices are equipped with WiFi and Bluetooth transceivers that can be activated or deactivated by the user using the digital touch screen interface. Additionally, it incorporates an accelerometer and sensor located on the rear of the casing, which can detect vital signs. Furthermore, these devices include supplementary sensors like a gyroscope, altimeter, barometer, and SP02 monitor. The devices are also equipped with the Wellness Application/Fossil Smartwatches app software, which in conjunction with the watch's activities, detects and notifies the user of heart rate changes and problems. The watch is also compatible with, among other applications, Amazon Alexa, allowing wireless pairing with smartphones that support GPS positioning. This enables the smartphones to perform speech processing on speech captured by the processor of the Accused Products. Additionally, the watch can establish a connection with Fossil's/Fossil Smartwatches' remote cloud servers.

94.    Since at least the time of receiving the relevant original complaint(s) in this action, Defendant has also indirectly infringed one or more claims of the '704 patent by inducing others to directly infringe said claims. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '704 patent by providing or requiring use of those Accused Products

that are sold under the name Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc. ("Fossil Smartwatches"). *See* Ex. E. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '704 patent, including, for example, claims 1. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '704 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the devices by others would infringe the '704 patent. Defendant's inducement is ongoing.

95.     Defendant has also indirectly infringed by contributing to the infringement of the '704 patent. Defendant has contributed to the direct infringement of the '704 patent by its personnel, contractors, and customers. Those Accused Products that are sold under the name Fossil Gen 6, Gen 6 Hybrid, and Gen 5 LTE, etc., have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '704 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '704 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

96.     BT Wearables or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '704 patent.

97.    Defendant has had knowledge of the '704 patent at least as of the date when it was notified of the filing of this action.

98.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of BT Wearables' patent rights.

99.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

100.    Defendant's direct and indirect infringement of the '704 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

101.    BT Wearables has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to BT Wearables in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

102.    BT Wearables has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. BT Wearables has and will continue to suffer this harm by virtue of Defendant's infringement of the '704 patent. Defendant's actions have interfered with and will interfere with BT Wearables' ability to license technology. The balance of hardships favors BT Wearables' ability to commercialize its own ideas and technology. The public interest in allowing BT Wearables to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**JURY DEMAND**

103.    Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

104. WHEREFORE, BT Wearables requests that the Court find in its favor and against Defendant, and that the Court grant BT Wearables the following relief:

a. Judgment that one or more claims of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or all others acting in concert therewith;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities;

c. Judgment that Defendant account for and pay to BT Wearables all damages to and costs incurred by BT Wearables because of Defendant's infringing activities and other conduct complained of herein;

d. Judgment that Defendant's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award BT Wearables its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>April 11, 2025</u>                       Respectfully submitted,

                                   By: */s/ James F. McDonough, III*

C. Matthew Rozier (CO 46854)
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305, (202) 316-1591
Email: matt@rhmtrial.com

Jonathan Hardt (TX 24039906)
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

James F. McDonough, III (GA 117088)
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

**Attorneys for Plaintiff *BT WEARABLES LLC***


**<u>List of Exhibits</u>**
A. Evidence of Use of Infringement Regarding U.S. Patent No. 9,204,796
B. Evidence of Use of Infringement Regarding U.S. Patent No. 9,775,520
C. Evidence of Use of Infringement Regarding U.S. Patent No. 10,362,940
D. Evidence of Use of Infringement Regarding U.S. Patent No. 10,729,336
E. Evidence of Use of Infringement Regarding U.S. Patent No. 11,051,704


**<u>List Of Supportive Links</u>**
1. U.S. Patent No. 9,204,796, USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9204796
2. U.S. Patent No. 9,775,520, USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9775520
3. U.S. Patent No. 10,362,940, USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10610111
4. U.S. Patent No. 10,729,336, USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10729336
5. U.S. Patent No. 11,051,704, USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/11051704